HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HORACE G. FRIEND, et al., | CASE NO. 3:19-cv-05913-RBL |
| Plaintiff, | ORDER ON APPLICATION FOR IN FORMA PAUPERIS STATUS |
| v. | |
| U.S. ATTORNEY GENERAL, et al., | DKT. # 1 |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Horace G. Friend's application to proceed *in forma pauperis*, supported by his proposed complaint. Dkt. # 1. He seeks a judicial declaration that he, as well as his three deceased brothers, are U.S. citizens.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See*

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

In addition, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Friend states under oath that he has been unemployed since November of 2018 and has received only $1,100 in the last twelve months from a pension. This is sufficient to establish his indigency.

However, there are problems with the Friend's complaint that prevent the Court from granting *in forma pauperis* status. First, Friend impermissibly attempts to sue not only for

himself, but also on behalf of his three deceased brothers, who are also named as plaintiffs. Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966). He has no authority to appear as an attorney for others than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.Cir.1953), *cert. denied*, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). This defect must be remedied.

Second, as a basis for relief, Friend states that "the current policy manual of the United States Citizenship Immigration Service is controlling in this case" and also cites the Nationality Act of 1940. Dkt. # 1, Ex. 1, at 5. However, Friend has already appeared before the Ninth Circuit twice making similar, if not identical, arguments to obtain citizenship. *See Friend v. Holder*, 714 F.3d 1349 (9th Cir. 2013); *Friend v. Reno*, 172 F.3d 638, 643 (9th Cir. 1999). These rulings appear to preclude Friend from bringing his current lawsuit. His Motion for Leave to Proceed *in Forma Pauperis* is therefore DENIED.

IT IS SO ORDERED.

Dated this 2nd day of October, 2019.

Ronald B. Leighton
United States District Judge